**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Foret, | No. CV 11-1707-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| DJO, LLC; et al., | |
| Defendants. | |

On November 3, 2011, the Court issued the following order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, in their joint proposed case management plan (Doc. 67) the parties agree that this Court has jurisdiction based on diversity. However, the parties fail to allege sufficient facts to establish the citizenship of each party.
> Specifically, the parties allege that DJO, LLC is a corporation; however, limited liability companies are not corporations. *See Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006). Thus, Plaintiff who is the party asserting jurisdiction and therefore the party with the burden of pleading jurisdiction, *see Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986), shall be required to supplement the jurisdictional statement as set forth below.
> **IT IS ORDERED** that by November 21, 2011, Plaintiff shall file a supplement to the joint proposed case management plan properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

Doc. 81.

On November 14, 2011, Plaintiff filed a supplement advising the Court of the citizenship of the parent company of DJO, LLC. The Court is aware of no case holding that a limited liability company takes on the citizenship of its parent company. Instead, a limited

liability company takes on the citizenship of it members. *See Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006).

Normally, the Court would dismiss this case at this point. However, perhaps Plaintiff intended to imply by her pleading that the parent company is the sole member of DJO, LLC. Thus, the Court will give Plaintiff <u>one</u> further opportunity to supplement her jurisdictional statement as follows:

**IT IS ORDERED** that Plaintiff shall file a second supplement properly alleging federal subject matter jurisdiction by November 21, 2011. If this supplement does not establish jurisdiction, the Court will dismiss this case without prejudice. Because the parties cannot stipulate to federal subject matter jurisdiction, Defendant must move to dismiss this case if the Court lacks jurisdiction. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

DATED this 15th day of November, 2011.

James A. Teilborg
United States District Judge