**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Allison Foret,                              )    No. CV 11-1707-PHX-JAT
                                            )
                    Plaintiff,              )    **ORDER**
                                            )
vs.                                         )
                                            )
                                            )
DJO, LLC; et al.,                           )
                                            )
                    Defendants.             )
                                            )
_____ )

        Pending before the Court is Plaintiff's Motion to Alter the Judgment of Dismissal, Pursuant to Federal Rules of Civil Procedure 59(e), or, in the Alternative, for Relief from the Order of Dismissal, Pursuant to Federal Rules of Civil Procedure 60(b).  (Doc. 88.)  The Court now rules on this motion.

**I.      BACKGROUND**

        On November 3, 2011, the Court ordered Plaintiff to file a supplement to the Joint Proposed Case Management Plan (the "Plan") to properly allege diversity jurisdiction. (Doc. 81 at 2.)  The Plan alleged that DJO, LLC is a corporation, and stated the principal place of business and state of incorporation of DJO, LLC.  (*Id.* at 1.)  The Court instructed Plaintiff that limited liability companies are not corporations for the purpose of establishing citizenship and cited to two Ninth Circuit Court of Appeals cases that explain how to plead the citizenship of limited liability companies.  (*Id.*)

1   On November 14, 2011, Plaintiff filed a supplement to the Plan alleging the

2   citizenship of DJO, LLC's parent company. (Doc. 83 at 1.) The Court ordered Plaintiff to

3   file a second supplement to the Plan because the citizenship of a limited liability company

4   takes on the citizenship of all of its members. (*Id.*) The Court warned that, if the second

5   supplement did not properly allege the citizenship of DJO, LLC, the Court would dismiss the

6   case. (*Id.* at 2.)

7   On November 21, 2011, Plaintiff filed a second supplement to the Plan, alleging DJO,

8   LLC's state of licensing and principal place of business. (Doc. 87 at 1.) The Court found

9   the allegations regarding citizenship insufficient and dismissed the case, without prejudice,

10   for lack of federal subject matter jurisdiction. (*Id.*)

11   Plaintiff now requests that the Court grant relief from the dismissal because the statute

12   of limitations has run, barring her from refiling this action. (Doc. 90 at 2.) Defendants

13   respond, asking that the Court not set aside the judgment and, if the Court does set aside the

14   judgment, that the Court allow the Defendants fourteen days to file a motion to amend their

15   Answer. (Doc. 89 at 3–4.)

16   **II.   ANALYSIS**

17   Before the Court will consider whether Plaintiff has met the test for relief from

18   judgment under Rule 60(b), or alteration of the case dismissal under Rule 59(e), the Court

19   will consider whether the proposed alleged citizenship of DJO, LLC would be futile. *See*

20   *Cota v. Bridgestone Ams. Tire Operations, LLC*, No. CV 09-2704-PHX-JAT, 2010 WL

21   923899, at *1 (D. Ariz. Mar. 12, 2010).

22   **A.   Federal Subject Matter Jurisdiction**

23   Plaintiff alleges the citizenship of DJO, LLC as the following:

24   Defendant, DJO, LLC, is a Delaware limited liability company with its
     executive offices and principal place of business located at 1430 Decision
25   Street, Vista, California 92081. DJO, LLC is wholly owned by DJO Finance,
     LLC. DJO Finance, LLC owns 100% of the membership of DJO, LLC. DJO
26   Finance, LLC, is a Delaware limited liability company with its executive
     offices and principal place of business located at 1430 Decision Street, Vista,
27   California 92081. DJO Finance LLC is wholly owned by DJO Holdings, LLC.
     DJO Holdings, LLC owns 100% of the membership of DJO Finance LLC.
28   DJO Holdings, LLC is a Delaware limited liability company with its executive

offices and principal place of business located at 1430 Decision Street, Vista, California 92081.  DJO Holdings, LLC is wholly owned by DJO Incorporated. DJO Incorporated owns 100% of the membership of DJO Holdings, LLC. DJO Incorporated is a Delaware corporation, with its principal place of business located at 1430 Decision Street, Vista, California 92081.

(Doc. 88 at 4–5.)

An LLC, like a partnership, "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Therefore, a party must allege the citizenship of each member or owner of an LLC. *Id.*  Here, Plaintiffs allege that DJO Finance, LLC owns 100% of the membership of DJO, LLC; DJO Holdings, LLC owns 100% of the membership of DJO Finance LLC; DJO Incorporated owns 100% of the membership of DJO Holdings, LLC and; DJO Incorporated is a Delaware corporation, with its principal place of business located at 1430 Decision Street, Vista, California 92081.

A corporation is a citizen of the state where its principal place of business is located, and the state in which it is incorporated. *Id.* (citing 28 U.S.C. § 1332(c)(1)).  Plaintiff alleges that DJO Incorporated has its principal place of business in California, and is incorporated in Delaware.  Accordingly, Plaintiff has properly alleged the citizenship of DJO, LLC.

**B.      Relief from Dismissal Order**[1]

**1.      Rule 60(b)(1)**

Plaintiff argues that the Court can relieve a party from an order on the basis of mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1). (Doc. 88 at

---

[1]  The Court notes that Plaintiff first moves for relief under Federal Rules of Civil Procedure 59(e).  However, Rule 59(e) does not apply because no judgment has been entered in this case.  *See, e.g.*, *Arenberg v. Ryan*, No. CV 10-2228-PHX-MHM (MHB), 2010 WL 4920918, at *1 (D. Ariz. Nov. 29, 2010) ("Plaintiff cannot bring his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because no judgment was entered and the Court's (order dismissing the case without prejudice) is not an appealable interlocutory order.") (citing *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989)). Accordingly, the Court will consider Plaintiff's alternative arguments.

1   5.)  Plaintiff states that "[b]ut for Plaintiff's counsel's error," diversity jurisdiction would

2   have been properly established.  (Doc. 88 at 4.)

3          The Supreme Court has held that "excusable neglect" covers some negligence on the

4   part of counsel.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 397 (1993).

5   The Ninth Circuit has adopted the equitable test of *Pioneer* for excusable neglect under Rule

6   60(b).  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).  Four

7   nonexclusive factors from *Pioneer* and *Briones* provide a framework for determining

8   excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the

9   delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

10  whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220,

11  1223–24 (9th Cir. 2000) (citing *Pioneer*); *see also Briones*, 116 F.3d at 381.

12         At the same time, "[n]ot knowing the law governing one's practice is different from

13  mere neglect, and it cannot be classed as excusable neglect."  *Pincay v. Andrews*, 351 F.3d

14  947, 951 (9th Cir. 2003).  In *Pincay*, the Ninth Circuit Court of Appeals distinguished

15  inexcusable neglect from excusable neglect.  *Id.* (discussing cases where neglect is excusable

16  and holding that counsel mistakenly interpreting unambiguous court rules and the Federal

17  Rules of Civil Procedure is inexcusable neglect). "[I]nadvertence, ignorance of the rules, or

18  mistakes construing the rules do not usually constitute excusable neglect."  507 U.S. at 392.

19  To overcome the general rule that mistake of law does not constitute excusable neglect, a

20  party  must  present  a  "persuasive  justification  for  [the  party's]  misconstruction  of

21  nonambiguous rules." *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir.

22  2001).

23         Here, Plaintiff's counsel cannot possibly present such a justification. The Court not

24  only gave Plaintiff three chances to properly plead jurisdiction, but also clearly instructed

25  Plaintiff (on two separate occasions) how to properly plead the citizenship of a limited

26  liability corporation.  (*See, e.g.*, Doc. 81; Doc. 83 ("a limited liability company takes on the

27  citizenship of its members.") (citing *Johnson* 437 F.3d at 899)).  Further, the Court clearly

28  stated that failure to cure the deficiencies  would result in dismissal of the case. (Doc. 83 at

2.)  Plaintiff twice failed to cure the deficiencies.  (Doc. 87 at 1.)  Further, Plaintiff's "excuse" that she did not have enough time to properly plead jurisdiction is without merit. Plaintiff never moved this Court for an extension of time to properly research jurisdiction, and Plaintiff's counsel has a duty to conduct such research before filing the case in this Court and representing to this Court that the Court has diversity jurisdiction.  *See Montrose Chemical Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1135 (9th Cir. 1997) ("As part of the requirement that an attorney make a reasonable and competent inquiry, we believe it necessary that the attorney make a reasonable and competent inquiry into the content of the complaints that it prepares and files for a client.").

Plaintiff argues that the neglect is excusable because denying relief would be a manifest injustice.  (Doc. 88 at 6.)  The Court does not find this to be a "persuasive justification" for Plaintiff's counsel's failure to follow the statutes governing pleading jurisdiction, the clear law from the Ninth Circuit Court of Appeal's explaining how to plead jurisdiction, and this Court's (twice given) clear instructions on how to plead jurisdiction of limited liability corporations.  Although Plaintiff's counsel argues that their actions were taken in good faith, Plaintiff's counsel repeatedly disregarded this Court's instructions on how to plead jurisdiction and has not offered any justification for their failure to read the Court's Orders and the law cited in the Court's Orders.  Perhaps Plaintiff's counsel wanted to properly plead jurisdiction, but does not appear to have made any effort to read this Court's Orders and educate itself as to how to do so.  Such willful disregard is certainly akin to bad faith.  Accordingly, the Court finds Plaintiff's counsel's repeated failure to properly plead jurisdiction to be inexcusable neglect, and denies Plaintiff's motion for relief pursuant to Rule 60(b)(1).

## 2.    Rule 60(b)(6)

Plaintiff argues that the Court should grant relief from the dismissal of the case because of the "extraordinary circumstances present in this case regarding the expiration of the statute of limitations."  (Doc. 90 at 5.)  "To justify relief under [Rule 60(b)(6)], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."

*Pioneer*, 507 U.S. at 393.  A party must demonstrate "both injury and circumstances beyond his control that prevented [the party] from proceeding with the prosecution" of the case. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).  In cases where it is clear both that (1) the attorneys' negligence was gross and (2) the attorney and client were not acting as one, an unknowing client should not be held liable for an attorney's grossly negligent conduct.  *Id.* at 1168-69 (internal citations omitted).  In such cases, "sanctions should be imposed on the lawyer, rather than on the faultless client."  *Id.* at 1169 (internal citations omitted).[2]

Here, it is clear that, as in *Tani*, the client would suffer the ultimate sanction as a result of her counsel's errors.  Although this case was dismissed without prejudice, the statute of limitations prevents her from litigating her claims against Defendants on the merits.  Further, from the circumstances of this case, it is clear that Plaintiff and her counsel were not acting as one.  Here, Plaintiff clearly trusted her Counsel's ability to adequately plead jurisdiction and interpret Court Orders, statutes, and case law clearly explaining how to plead jurisdiction.  Because the Court finds this case is similar to the Ninth Circuit Court of Appeal's decision in *Tani*, the Court will grant Plaintiff relief under Rule 60(b)(6).

Further, the appropriate remedy in this case is a sanction against Plaintiff's Counsel.  Defendants have suffered prejudice in having to invest time and money in opposing the Motion to Alter Judgment, which was caused solely by Plaintiff's counsel's gross negligence.  Accordingly, Plaintiff's Counsel (not Plaintiff) will be sanctioned and will be required to pay Defendants' attorneys fees relating to the Motion to Alter Judgment in this case.

---

[2] *See also Washburn v. Morgado*, 332 Fed.Appx. 380, 383, 2009 WL 1455554, at *2 (9th Cir. 2009) ("Because, following its hearing, the district court properly found that the City continually disregarded the case management rules of the court and was grossly negligent in complying with discovery orders, we affirm the imposition of sanctions upon its attorneys."); *McConnell ex rel. A.B. v. Lassen County*, 442 Fed.Appx. 264, 265, 2011 WL 2648445, at *1 (9th Cir. 2011) ("A court may impose sanctions on attorneys who display recklessness or bad faith.") (citing 28 U.S.C. § 1927 and *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir.2010)).

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Alter the Judgment of Dismissal, Pursuant to Federal Rules of Civil Procedure 59(e), or, in the Alternative, for Relief from the Order of Dismissal, Pursuant to Federal Rules of Civil Procedure 60(b) (Doc. 88) is granted in part and denied in part as set forth herein.  The Clerk of the Court shall vacate the Order dismissing this case (Doc. 87).

**IT IS FURTHER ORDERED** that Plaintiff's counsel is sanctioned as follows: Plaintiff's counsel shall personally pay any fees that Defendants incurred in opposing the Motion to Alter Judgment.  Plaintiff's counsel and Defendants are directed to confer in good faith to resolve any disputes concerning the amount of reasonable expenses and fees incurred by Defendant in opposing the Motion to Alter Judgment.  *See* LRCiv 54.2(d)(1).   If Plaintiff's counsel and Defendants are unable to agree, Defendants may file a motion pursuant to Local Rule 54.2.   Any such motion shall be filed, with a supporting memorandum, on or before April 27, 2012, with the response and reply briefs due in accordance with the time periods provided in Local Rule 54.2(b)(3) and (4).

**IT IS FINALLY ORDERED** that all dates set forth in this Court's Rule 16 Scheduling Order (Doc. 72) shall remain in effect, except as follows:

Any motion to amend the Complaint shall be filed no later than April 27, 2012.

If no amended Complaint is filed, any motion to amend the Answer shall be filed no later than May 10, 2012.

DATED this 10th day of April, 2012.

James A. Teilborg
United States District Judge